WILLIAMS, Judge.
Defendant Kerry Lacy was found guilty of violating La.R.S. 14:27 and 14:95.1 (attempt by a convicted felon to possess a firearm). He was sentenced to serve 8 months at hard labor without benefit of parole, probation, or suspension of sentence.
At trial, Leroy Smith testified that defendant had shown him a revolver that was kept in his [defendant’s] pocket. Smith called the police later that night after seeing two men removing tires from a car defendant had been driving. After an investigation, a search warrant was obtained and defendant’s house was searched. The police seized a gun which Smith identified as belonging to defendant.
Defendant argues that the state failed to prove two essential elements of La.R.S. 14:95.1: that he was a convicted felon and that ten years had not elapsed since defendant’s completion of sentence, probation, parole, or suspension of sentence at the time of the commission of this offense on November 15, 1985.
At trial, the state introduced into evidence: (1) a certified copy of a fingerprinted arrest register card of September 21, 1981; (2) a print card of defendant’s fingerprints taken on the day of trial; and (3) a certified copy of a previous bill of information containing fingerprints and minute entries. A fingerprint expert testified at trial that all of the fingerprints on the introduced documents belonged to defendant. The prosecution attempted to introduce a prison packet but was unable to do so because the trial court ruled that the document should have been identified by its custodian. Although the state argues that the prison packet should have been allowed into evidence, we need not address that issue because we find that there was sufficient evidence to find defendant guilty of all essential elements of the crimes even without the packet.
The bill of information introduced by the prosecution charged defendant with armed robbery. The bill contains defendant’s fingerprints, placed there on March 11, 1982. Article 871 of the Louisiana Code of Criminal Procedure reads in part:
B. In every judgment of guilty of a felony, the sheriff shall cause to be affixed to the bill of indictment or information the fingerprints of the defendant against whom such judgment is rendered. Beneath such fingerprints shall be appended a certificate to the following effect:
“I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant, and that they were placed thereon by said defendant this_day of_, 19_”
C. The certificate required by Subsection B hereof shall be admissable in evidence in the courts of this state as prima *793 facie evidence that the fingerprints appearing thereon are the fingerprints of the defendant against whom the judgment of guilty of a felony was rendered.
It is clear, therefore, that the State has proven that defendant was convicted of a felony and that less than 10 years had elapsed since completion of sentence, probation, parole, or suspension of sentence.
We also note that Exhibit S-3 introduced at trial by the prosecution contained the docket master which included the dates of defendant’s previous conviction and sentence for attempted armed robbery as well as a certified copy of defendant’s waiver of rights and guilty plea of October 29, 1981.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.